MEMORANDUM *
Randall Fennell filed this civil rights action alleging that various Attorneys General violated Fennell’s Fourteenth Amendment due process right to conflict-free counsel and First Amendment rights to free speech and access to the courts. The district court granted in part and denied in part the Attorneys General’s motion to dismiss. We review de novo the Attorneys General’s appeal of the district court’s denial of absolute and qualified immunity. Tennison v. City and Cnty. of San Francisco, 570 F.3d 1078, 1087 (9th Cir.2009). We affirm in part and reverse in part.
In determining whether the Attorneys General are entitled to qualified immunity, we review (1) whether the facts pled in the complaint, construed in the light most favorable to Fennell, show that the Attorneys General’s conduct violated a constitutional right; and (2) whether the right was clearly established in light of the circumstances of this case. See Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), overruled on other grounds by Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).
 Fennell contends that he has a constitutionally protected property interest in conflict-free counsel. However, Fennel’s understanding of this interest is unique: he argues that he has a constitutional right to the appointment of outside counsel, which arose after the Office of the Attorney General began its concurrent representation of an adverse party. Because Commonwealth law provides that decisions regarding the appointment of outside counsel are left to the sound discretion of government officials, Fennell does not have such a protected property interest. See Town of Castle Rock, Colo, v. Gonzales, 545 U.S. 748, 756, 125 S.Ct. 2796, 162 L.Ed.2d 658 (2005) (“[A] benefit is not a protected entitlement if government officials may grant or deny it in their discretion.”).[1] In any event, the right to *35 conflict-free representation in this context was not clearly established for qualified immunity purposes. See Hope v. Pelzer, 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (“For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.”) (internal quotations omitted). The Attorneys General are thus entitled to qualified immunity with respect to Fennell’s Fourteenth Amendment due process claims.
The Attorneys General argue that the district court should have dismissed Fennell’s First Amendment claims for failure to plead with proper specificity. Although rulings regarding the sufficiency of pleadings are not ordinarily subject to immediate appeal, we may exercise pendent jurisdiction “over an otherwise nonap-pealable ruling if the ruling is ‘inextricably intertwined’ with a claim properly before us on interlocutory appeal.” Kwai Fun Wong v. United States, 373 F.3d 952, 960 (9th Cir.2004). Because we must determine whether Fennell has pled facts constituting a constitutional violation as part of the qualified immunity inquiry, we may exercise pendent jurisdiction to review the sufficiency of Fennell’s Complaint. See id. at 962 (“Whether a complaint fails to allege legally cognizable claims is ... ‘inextricably intertwined’ with the qualified immunity issue.”).
We agree with the Attorneys General that Fennell’s Complaint fails to satisfy the pleading standards set forth in Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). See id. (“[A] plaintiff must plead that each Government-official defendant, through the official’s own individual actions, has violated the Constitution.”). Notably, Fennell’s Complaint lacks factual particularity regarding the personal involvement and conduct of the individual Attorneys General. See Kwai Fun Wong, 373 F.3d at 966 (dismissing on interlocutory appeal a plaintiffs Bivens claims where complaint “fail[ed] to identify what role, if any, each individual defendant had in” the alleged unconstitutional conduct); Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988) (“Sweeping eonclusory allegations will not suffice.... The [plaintiff] must set forth specific facts as to each individual defendant’s” causal role in the alleged constitutional deprivation). Accordingly, Fennell’s First Amendment claims must be dismissed.
Because Fennell fails to allege differential treatment from similarly situated individuals, any equal protection claims also must be dismissed for failure to state a claim. See City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985).[2]
We affirm the district court’s order, however, with respect to the denial of absolute immunity for Attorneys General Gregory and Baka. Absolute immunity applies to a “government attorney’s initiation and handling of civil litigation in a state or federal court ... [when] the government attorney is performing acts ‘intimately associated with the judicial phase’ of the litigation.” Fry v. Melaragno, 939 F.2d 832, 837 (9th Cir.1991). The Attorneys General’s actions in response to Fennell’s request for certification under the Commonwealth Employees’ Liability Reform and Tort Compensation Act were not “inti *36 mately associated with the judicial phase” of litigation, nor have the Attorneys General provided any evidence of a historical or common-law basis for absolute immunity in this context. See Buckley v. Fitzsimmons, 509 U.S. 259, 274-76, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993) (holding that when a government attorney “functions as an administrator rather than as an officer of the court he is entitled only to qualified immunity”). See also Burns v. Reed, 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991) (“[T]he official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question.”).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
Each party shall bear its own costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Even assuming Fennell has a constitutionally protected property interest as the dissent describes — that "government counsel, once appointed, remain independent and conflict-free” — Fennell has failed to allege such a constitutional violation here. Fennell does not contend that the Assistant Attorney General representing him was conflicted, nor does he allege that the Attorneys General were privy to confidential information. Accordingly, because the facts pled, even construed in a light most favorable to Fennell, do not amount to a constitutional violation, the Attorneys General are entitled to qualified immunity even under *35 the dissent’s theory. See Saucier, 533 U.S. at 201, 121 S.Ct. 2151.

. We take no position as to whether Fennell may amend the Complaint to properly allege First Amendment and equal protection claims.